

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed October 9, 2024**

_____
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| DENALI CONSTRUCTION SERVICES, LLC | § | CASE NO. 24-33155-11-MVL |
| *Debtor.* | § | |

## ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO PAY PRE-PETITION EMPLOYEE WAGES AND RELATED PAYROLL EXPENSES

Before the Court is the Motion[1] of the above-captioned debtor and debtor-in-possession (the "Debtor") for the entry of an order (this "Order") (1) authorizing, but not directing, the Debtor to (a) pay pre-petition wages and withholding obligations, and (b) continue employee benefit programs in the ordinary course of business, and (2) granting related relief. Having considered the Motion and the *Declaration of Michelle L. Thrailkill* ("MLT Declaration"), the statements and testimony in support of the relief requested therein at a hearing before the Court, if any (the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

- 1 -

"Hearing"), and the record and docket of the Bankruptcy Case, the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b) as to which this Court has the constitutional authority to enter this final order; (iv) the Debtor has demonstrated the need for emergency relief; (v) the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and (vi) the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein.

Accordingly, **IT IS HEREBY ORDERED THAT:**

**1.** The Motion is GRANTED;

**2.** The Debtor is authorized, but not directed, to continue to honor the Payroll Obligations in the ordinary course of business on a post-petition basis and in a manner consistent with the Debtor's pre-petition policies and procedures, and, in the Debtor's discretion, to pay and honor pre-petition Payroll Obligations, subject to a $200 cap for any individual Employee for reimbursable expenses as identified in the "Nontax" column of the Payroll Ledger;

**3.** The Debtor is authorized, but not directed, to pay and honor its pre-petition Payroll Obligations to Michelle L. Thrailkill, in the gross amount of $11,538.45 subject to a $200 cap for any reimbursable expenses as identified in the "Nontax" column of the Payroll Ledger;

**4.** The Debtor shall not make any payments for pre-petition obligations on account of the Payroll Obligations that exceed the priority amounts set forth in sections 507(a)(4) and (5) of the Bankruptcy Code;

**5.** Nothing in the Motion or this Order shall impair the ability of the Debtor to contest the validity or amount of any payment made pursuant to this Order;

4863-8901-1181v.3

6. Nothing herein shall be deemed to authorize the payment of any amounts which violate or implicate section 503(c) of the Bankruptcy Code, including any bonus, incentive, retention, or severance payments to any "insider" as defined in section 101(31) of the Bankruptcy Code, provided that nothing herein shall prejudice the Debtor's ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time by separate motion;

7. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Employee or other person or entity;

8. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b);

9. Notice of the Motion satisfies requirements of Bankruptcy Rule 6004(a) and the Local Rules;

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry;

11. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion;

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**# # # End of Order # # #**

4863-8901-1181v.3